UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

MARTIN WASHINGTON,

        Plaintiff,

    v.                                   CIVIL ACTION NO. 4:06cv6

WILLIAM M. McKEE, and
CHERYL E. BENN,

        Defendants.

## OPINION AND ORDER

Plaintiff brings this legal malpractice claim against defendants.  In March, 2003, plaintiff retained the defendants to represent him in a legal action against the owner of the Days Inn in Lightfoot, Virginia.  Plaintiff was injured in a slip and fall accident at this Days Inn on June 25, 2002.  Plaintiff claims that defendants failed to file suit against the Days Inn within the applicable two-year statute of limitations, thereby foreclosing plaintiff's legal rights against Days Inn.  This matter comes before the court on defendants' motion to strike plaintiff's expert disclosures and to exclude Carl Witmeyer ("Witmeyer") from testifying at trial.

## I.  Procedural History

On June 2, 2006, plaintiff filed a motion for summary judgment with a memorandum in support thereof.  On June 12, 2006, defendants filed a response to plaintiff's motion for summary judgment, and on June 16, 2006, plaintiff filed a reply to defendants' response.  On June 27, 2006, defendants filed a motion to strike plaintiff's expert disclosures and to exclude Witmeyer and Michael Farris ("Farris") from testifying at trial, and a memorandum in support thereof.  On July 5, 2006, plaintiff filed a response to this motion and a supplementation of the expert report

of Witmeyer in response to defendants' motion to exclude.  Plaintiff made this supplementation

pursuant to Rule 26(e).  This supplementation included a report and a supplemental affidavit.  On

July 13, 2006, plaintiff filed a motion to supplement plaintiff's motion for summary judgment.

On July 20, 2006, the court held a hearing regarding plaintiff's motion for summary

judgment and defendants' motion to strike plaintiff's expert disclosures and to exclude Witmeyer

and Farris from testifying at trial.  At the July 20, 2006 hearing, defendants' counsel argued that

plaintiff's disclosure of Witmeyer was untimely, that the report does not satisfy Federal Rule of

Civil Procedure 26, and that Witmeyer is not qualified as an expert.  Defendants' counsel argued

that this case is similar to Sharpe v. United States of America, 230 F.R.D. 452 (E.D.Va. 2005).

By order filed July 21, 2006, the court denied plaintiff's motion for summary judgment,

and found defendants' motion to strike plaintiff's expert disclosures and to exclude Farris from

testifying at trial to be moot, as plaintiff withdrew his request to designate Farris as an expert.

Defendants' motion to strike plaintiff's expert disclosures and to exclude Witmeyer from

testifying at trial was taken under advisement.  As plaintiff's motion for summary judgment has

been denied, plaintiff's July 13, 2006 motion to supplement plaintiff's motion for summary

judgment is **DISMISSED** as moot.  For the reasons presented herein, the court finds that

plaintiff's disclosure of Witmeyer satisfies the minimum requirements of Federal Rule of Civil

Procedure Rule 26.  Therefore the court **DENIES** defendants' motion to strike plaintiff's expert

disclosure of Witmeyer.  Furthermore, the court defers the question of whether Witmeyer will be

allowed to testify as an expert to trial.

## II.  The Requirements of Rule 26

Rule 26(a)(2)(B) states that expert disclosures shall be accompanied by a written report prepared and signed by the witness. The report shall:

> contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).  A Rule 26 expert report "is intended to set forth the substance of the direct examination of the expert witness," and must "disclose the data and other information considered by the expert."  Advisory Committee Notes to the 1993 Amendments to Rule 26.  The report must be "detailed and complete," and must state "the testimony the witness is expected to present during direct examination, together with the reasons therefor."  Id.  The expert report is meant to avoid the disclosure of "sketchy and vague" expert information.  Sierra Club v. Cedar Point Oil Co., Inc., 73 F.3d 546, 571 (5th Cir. 1996).  The "most important element of the Rule 26 analysis is whether the report prepared by [the expert] contains a complete statement of his opinions and the basis for his opinions."  Campbell v. McMillin, 83 F.Supp.2d 761, 764 (S.D.Miss. 2000).  An expert report satisfies Rule 26(a)(2)(B) if it is "sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced."  Dunkin' Donuts Inc. v. Patel, 174 F.Supp.2d 202, 211 (D.N.J. 2001) (quoting Reed v. Binder, 165 F.R.D. 424, 429 (D.N.J. 1996)).  Expert reports "must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions."  Salgado v.  General Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998).

3

### III.  Witmeyer's disclosure

Witmeyer's disclosure consists of two affidavits, one dated May 8, 2006, and the other

dated May 24, 2006, as well as a supplemental disclosure filed on July 5, 2006, consisting of a

three-page report and a supplemental affidavit.  The court must determine whether these

documents satisfy all the requirements of Federal Rule of Civil Procedure 26.

*(1)  The disclosure must "contain a complete statement of all opinions to be expressed"*

This first part of the first requirement of Rule 26 calls for a disclosure of all opinions to

be expressed by the witness in direct examination at trial.  Witmeyer's May 8, 2006 affidavit

states,

> [b]y failing to file an action timely the impact on a client[']s rights of redress
> is final.  A client i[s] forever foreclosed and loses his rights of redress for his injuries
> by operation of law.
>
> It is a violation of the standards of the practice of law to allow a client's rights
> of redress to terminate by an attorney's failure to file an action timely.  Such inaction
> on the part of an attorney is malpractice.

Witmeyer May 8, 2006 Aff. ¶¶ 6 - 7.  Witmeyer's May 24, 2006 affidavit provides slightly more

information regarding Witmeyer's opinions.  This affidavit states that Witmeyer believes that "it

is clear that William McKee and Cheryl Benn did not follow the appropriate Statute of

Limitations."  Witmeyer May 24, 2006 Aff. ¶ 4.  It also states that in his opinion, "it is to a

reasonable degree of legal certainty that they did not follow the appropriate standard of care."  Id.

at ¶ 5.  The supplemental disclosure, filed July 5, 2006, provides significantly more information.

The supplemental report states:

> [t]he standard of care for [an] attorney in Virginia, regarding a statute of
> limitations, is that the attorney must file a claim for the client in order to preserve the

client's right to relief from the courts.  Failure to file a claim before the statute runs is a breach of this standard and is malpractice.

  . . . .

   It is my opinion that the defendants in this case, Washington v. McKee et al., did not act with competence or reasonable diligence in representing Washington and did not follow the appropriate standard of care imposed on attorneys . . . . This failure to be competent and use due diligence resulted in missing the statute and is a breach of the standard of care imposed on attorneys.

Witmeyer Report 1 - 3.  Witmeyer further describes his opinions in the supplemental affidavit, filed July 5, 2006.  In this affidavit, he states, "having accepted employment to represent a client in the prosecution of their claim for damages against the defendant, it then becomes the duty of the attorney to exercise his best professional efforts on behalf of his client."  Witmeyer's supplemental Aff.  This affidavit also states that attorneys owe "to each client the highest duty of diligence to faithfully and diligently perform every act necessary to protect, conserve and advance the interest of each client."  Id.

  *(2)  The disclosure must contain "the basis and reasons for all opinions to be expressed"*

  This second part of the first requirement of Rule 26 requires that a disclosure contain, not only a statement of opinions, but the reason why the expert holds those opinions.  Thus, in order to meet this requirement of Rule 26, Witmeyer's disclosure must contain the reasons why he believes defendants violated the standard of care.  In Witmeyer's May 8, 2006 affidavit, Witmeyer states, "the defendants had Mr. Washington's case in their office and under their control for a period of 16 months, the Motion for Judgment was in draft, but had not been completed."  Witmeyer May 8, 2006 Aff. ¶ 4.  He also states that defendants did not complete the draft and did not file the Motion for Judgment prior to the expiration of the statute of limitations.  Id. at ¶ 5.  Regarding the underlying tort action, Witmeyer states, "I am of the opinion that had

his case been filed Mr. Washington would have prevailed in his action against Days Inn." Id. at ¶ 8.  He also claims that his opinion "is further bolstered by the fact the carrier for Days Inn, which recognized that there was liability, requested a demand for settlement, which was not provided by the defendants." Id. at ¶ 9.  In Witmeyer's supplemental report, he also states that defendants "obtained some of the plaintiff's medical records from his slip and fall at the Days Inn.  There is no reason other than a failure to use due diligence that all of the medical records were not obtained."  Witmeyer Report ¶ 5.

*(3) The disclosure must contain "the data or other information considered by the witness in forming the opinions"*

Witmeyer's May 8, 2006 affidavit states that he "reviewed the Affidavit of the Supervisor of Mike F[a]rris for Days Inn, as well as the photographs taken at the time Mr. Washington fell, of the location where he fell . . . ."  Witmeyer May 8, 2006 Aff. ¶ 8.  In the May 24, 2006 affidavit, Witmeyer states that he considered "the file that Mr.  Washington had available to him, including the file reported to be the file of William McKee and Cheryl Benn during their term of representation."  Witmeyer May 24, 2006 Aff.  ¶ 8.  The supplemental report states that, in forming his opinions, Witmeyer relied on his education, experience, and personal knowledge.  Witmeyer Report 1.  He states that he has been a practicing attorney in Virginia for over thirty-one (31) years.  Id.  Also, he relied on "the Virginia Code and the Rules of the Supreme Court of Virginia, specifically those sections regarding professional ethics and responsibilities."  Id.  He specifically identifies Part 6, § 2 of the Rules of the Supreme Court of Virginia.  Id. at ¶ 4.  In Witmeyer's supplemental affidavit, he identifies Braxton v. Peyton, 365 F.2d 563 (4th Cir. 1966) as a case he considered.

*(4) The disclosure must include "any exhibits to be used as a summary of or support for the opinions"*

As part of Witmeyer's Rule 26 disclosure, plaintiff sent to defendants a fax cover sheet with a list of exhibits to be used.  This list included Witmeyer's *curriculum vitae*, Witmeyer's affidavits, the draft of the motion for judgment that was never filed in the Washington case, and "the appropriate Court of Record."  Mem. Supporting Defs.' Mot. to Exclude Pl.'s Expert Witnesses Ex. 2.

*(5) The disclosure must include "the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years"*

Witmeyer's disclosure included his *curriculum vitae*, that lists his education, activities, and employment.  It also states that he has "authored several pamphlets on Wire Tap Laws and their effect in Law Cases."  Mem. Supporting Defs.' Mot. to Exclude Pl.'s Expert Witnesses Ex. 2.

*(6) The disclosure must state "the compensation to be paid for the study and testimony"*

The disclosure states that Witmeyer will be paid an hourly rate of $300.

*(7) The disclosure must include "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years"*

The disclosure states that Witmeyer has testified in the "Vaughan divorce, in Hanover Circuit Court–served as an [e]xpert as to the business evaluations and spousal support receipt by wife."

### IV.  Analysis

Defendants' counsel argued at the July 20, 2006 hearing that this case is analogous to Sharpe v. United States of America, 230 F.R.D. 452 (E.D.Va. 2005), where the United States District Court for the Eastern District of Virginia found that the plaintiff's Rule 26 disclosures were inadequate.  However, this case is distinguishable from Sharpe.  Sharpe was a medical malpractice case, where plaintiff proceeded under the Federal Tort Claims Act.  28 U.S.C. §§ 2671-2680.  Plaintiff claimed that the defendant's agents were negligent in failing to diagnose Mr. Sharpe's cancer earlier.  Plaintiff provided two Rule 26(a)(2)(B) expert witness reports.  One report indicates that the expert reviewed Mr. Sharpe's medical records and discussed certain x-rays with a radiologist.  The report contained a brief chronology of Mr. Sharpe's treatment with some notations indicating treatment that was not provided to Mr. Sharpe.  Following this chronology, the expert concluded that "[t]here are numerous opportunities where further investigation may have led to an earlier diagnosis of cancer and may have resulted in the possibility of more definitive treatment and increased survival as a result."  Sharpe, 230 F.R.D. at 455.

The other expert report consisted of a letter written to plaintiff's counsel indicating that the expert had reviewed Mr. Sharpe's records and the report of the other expert.  The report then states in one vague paragraph that if some treatment had been provided earlier, "the potential for intervening in this gentleman's non-small cell cancer would have been greater."  Id.

Unlike the disclosures in Sharpe, the disclosure in the case at hand satisfies all the requirements of Rule 26.  Witmeyer provided a brief, but reasonably complete summary of his opinions regarding the standard of care in Virginia, the actions defendants took that he believes

8

violated the standard of care, and the information Witmeyer examined in forming his opinions. Furthermore, in <u>Sharpe</u>, although defendant had advised plaintiff of the inadequacy of the two expert reports, plaintiff did not supplement the reports with additional information.  <u>Sharpe</u>, 230 F.R.D. at 459.  In this case, after defendants filed their motion to strike, plaintiff supplemented the Witmeyer disclosure with a three-page report and a supplemental affidavit.  Therefore, <u>Sharpe</u> is distinguishable from this case.

Moreover, a review of cases where courts have found that Rule 26 expert disclosures are inadequate, reveals that the disclosures in those cases clearly did not satisfy one or more requirements of Rule 26.  For example, in <u>Smith v. Baptist Healthcare System, Inc.</u>, 23 Fed. Appx. 499, 500-01 (6th Cir. 2001), plaintiff-appellant brought a malpractice action against three physicians and a hospital.  Plaintiff's Rule 26 disclosure consisted of a list of the expert's experience, the data he had reviewed, and then a statement that the expert was expected to testify that the defendants deviated from the applicable standards of care, and that these deviations resulted in appellant's injuries.  The court also noted that plaintiff did not amend her disclosure. <u>Id.</u> at 501.  The court found that this Rule 26 disclosure was inadequate and affirmed the district court's decision to grant defendants' motion for summary judgment.

In <u>Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.</u>, 73 F.3d 546 (5th Cir. 1996), plaintiff alleged that defendant was violating the Clean Water Act by discharging contaminated water into a bay without a permit.  Cedar Point disclosed five experts, but their disclosures consisted of a very brief outline for one expert, one or two paragraphs describing each of three experts' opinions, and a statement indicating the subjects one expert intended to

research.  Id. at 571.  The court found that the district court did not abuse its discretion in finding that these disclosures were inadequate.

In Elswick v. Nichols, 144 F.Supp. 2d 758, 762 (E.D.Ky. 2001), the court found that three expert reports were inadequate.  One expert report stated that it was not "comprehensive in nature," and the expert stated during her deposition that "she hoped to prepare additional reports, exhibits, and research materials."  Id.  Another expert report did not state the defendant's acts or omissions that violated the standard of care, and contained no basis and reasons for the expert's conclusions.  Id. at 764.  A third expert report failed to list the expert's qualifications, publications, information about previous testimony, or a list of documents that she reviewed.  Id. at 765.  See also, Dunkin' Donuts Inc., 174 F.Supp.  2d at 214 (finding the Rule 26 disclosure was inadequate when the expert disclosure did not set forth "the basis and reasons for the opinions contained therein," and did not include a list of publications, compensation, other cases in which the expert had provided testimony, or exhibits, and lacked the expert's signature); Campbell, 83 F.Supp.2d at 764 (finding the expert disclosure was inadequate when the disclosure was a brief four-paragraph report consisting of "conclusory unsupported allegations," with no basis or reasoning for the opinions, no summary of the data relied upon in forming his opinions, no exhibits, no expert qualifications, no list of publications, no compensation, and no list of cases in which the expert had testified).

Although a more detailed disclosure of Witmeyer would have been helpful, the disclosure satisfies the minimum requirements of Rule 26.  The disclosure states the standard of care, and it explains what actions defendants took that Witmeyer believes violated the standard of care.  It states the information Witmeyer examined in forming his opinions.  The disclosure also included

10

a list of exhibits to be used, Witmeyer's qualifications, one other case he has testified in, and the compensation he will be paid.  Although the disclosure does not list or describe any situation where failing to file a case before the expiration of a statute of limitations would *not* be malpractice, the disclosure sets forth a sufficient statement of Witmeyer's opinions and the basis and reasons for his opinions to eliminate any surprise at trial.

Moreover, Witmeyer's disclosure was timely.  The Rule 16(b) Scheduling Order, filed March 29, 2006, states that plaintiff shall identify expert witnesses by May 12, 2006, and that the Rule 26(a)(2)(B) disclosures shall be made on June 12, 2006.  Plaintiff identified Witmeyer as an expert witness on May 11, 2006, and served his Rule 26(a)(2)(B) disclosures on June 6, 2006.  After defendants' June 27, 2006 motion to strike plaintiff's expert disclosures and to exclude Witmeyer from testifying at trial, plaintiff filed a supplementation of Witmeyer's expert report on July 5, 2006, in accordance with Federal Rule of Civil Procedure 26(e).

## V.  Witmeyer's expert qualifications

At the July 20, 2006 hearing, defendants argued that Witmeyer is not qualified as an expert.  Federal Rule of Evidence 702 is controlling in this question.  Scott v. Sears, Roebuck & Co., 789 F.2d 1052, 1054 (4th Cir.  1986) (stating, "the admissibility of expert testimony in a federal court sitting in the diversity jurisdiction is controlled by federal law").  Rule 702 states,

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In Thomas J. Kine, Inc. v. Lorillard, Inc., 878 F.2d 791, 799 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit stated that the test for exclusion of expert witnesses "is a strict one, and the purported expert must have neither satisfactory knowledge, skill, experience, training nor education on the issue for which the opinion is proffered." Id.  The court also noted "[o]ne knowledgeable about a particular subject need not be precisely informed about all the details of the issues raised in order to offer an opinion." Id.

In this case, Witmeyer's *curriculum vitae* states that he is a lawyer, and is admitted to practice law in Virginia.  It states he is a "frequent lecturer on matters involving Domestic Relations Law and Criminal Defense," he is a past president of the Richmond Metro Family Law Bar Association, he is certified as a Fellow with the American Academy of Matrimonial Lawyers, and he has authored several pamphlets on Wire Tap Laws and their effect in "Law Cases."  It does not indicate that he has any special expertise in personal injury cases.  As stated earlier, an expert report must state the testimony the witness is expected to present during direct examination.  Obviously, the defendant may cross examine the witness.  An expert does not have to testify on direct examination concerning all possible scenarios there could be as to why a lawsuit does not have to be filed within the statute of limitations period.

The jury will have to determine what credibility, if any, to give to the expert's testimony. A typical jury instruction is:

> You have heard testimony of what we call an "expert witness."
>
> If scientific, technical, or other specialized knowledge might assist a jury in understanding the evidence or determining a relevant fact, the law permits an "expert" to testify and state an opinion concerning such matters.

However, merely because someone is qualified as an expert and offers an expert opinion does not require you to accept that opinion.  Just as with any other witness, it is solely within your responsibility as jurors to decide whether or to what extent an expert's testimony is credible.

In assessing the credibility of expert testimony, you should consider whether the witness' training and experience are sufficient to support the testimony in question.  You should also consider whether the expert's opinions were based on adequate information, sound reasoning, and good judgment.

Although Witmeyer's expert disclosure is minimally sufficient, the court will not determine whether Witmeyer qualifies as an expert until defendants' counsel, and possibly the court, have had the opportunity to *voir dire* Witmeyer.  Therefore, the question of whether Witmeyer will be allowed to testify is deferred to trial.

## VI.  Conclusion

The court finds that plaintiff's expert disclosure of Witmeyer is minimally adequate, as it appears to meet all of the requirements of Rule 26.  Accordingly, defendants' motion to strike plaintiff's expert disclosure of Witmeyer is **DENIED**.  Defendants' motion to exclude Witmeyer from testifying at trial is deferred to trial.

The Clerk is **DIRECTED** to send a copy of this order to counsel for plaintiff and to counsel for defendants.

IT IS SO **ORDERED**.

/s/
_____
Jerome B. Friedman__
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

August 3, 2006

13